UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES AMAR SINGH,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER WITH WELLS FARGO BANK SOUTHWEST, N.A.., F/K/A WACHOVIA MORTGAGE, FSB, F/K/A WORLD SAVINGS BANK, FSB,<br><br>    Defendant. | Case No. 18-cv-07376-JSC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 7 |

Plaintiff James Amar Singh sued Defendants in Superior Court of the State of California for the County of Alameda, bringing 17 causes of action related to a 2006 home loan.[1] (Dkt. No. 1, Ex. A at 10.)[2] Defendant Wells Fargo removed the action to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(b), and alternatively, diversity jurisdiction under 28 U.S.C. § 1332.[3] (Dkt. No. 1 at 1.) Now pending before the Court is Plaintiff's "ex parte motion for temporary restraining order; order to show cause why preliminary injunction should not issue and for preliminary injunction and for sanctions." (Dkt. No. 7.) After careful consideration of the parties' briefing, the Court DENIES Plaintiff's motion.

**LEGAL STANDARD**

The standard for issuing a temporary restraining order is "substantially identical" to the

---

[1] Plaintiff subsequently dismissed Defendants World Savings Bank, FSB and Wachovia Mortgage, FSB. (*See* Dkt. No. 6.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[3] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 5 & 12.)

standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "Under the original *Winter* standard, a party must show 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under the 'sliding scale' variant of the *Winter* standard, if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Id.* (internal quotation marks and citation omitted).

**DISCUSSION**

Plaintiff fails to show either a likelihood of success on the merits or serious questions going to the merits because his action appears barred by claim and issue preclusion, and the "two-dismissal rule" under Federal Rule of Civil Procedure 41(a)(1)(B).

"Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321-22 (9th Cir. 1988) (internal quotation marks and citations omitted). "Claim preclusion prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Id.* at 322 (internal quotation marks and citations omitted).

"The doctrine of issue preclusion prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding." *Id.* (internal quotation marks and citations omitted). "The issue must have been actually decided after a full and fair opportunity for litigation." *Id.* (internal quotation marks and citation omitted).

Pursuant to Rule 41(a)(1)(B), "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B); *see also Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) (same).

On October 11, 2011, Plaintiff sued Wells Fargo in California state court bringing six causes of action challenging foreclosure related to the 2006 mortgage.[4] (Dkt. No. 11, Ex. 7.)[5] Defendant removed the case to the Northern District based on diversity jurisdiction. (Dkt. No. 11, Ex. 8.) On Defendant's motion, the district court dismissed with prejudice Plaintiff's claim for quiet title and dismissed with leave to amend Plaintiff's claim for unfair business practices under California Business and Professions Code § 17200; the court denied Defendant's motion as to the other four claims. *Singh v. Wells Fargo Bank N.A.*, No. C 11-5485 PJH, 2012 WL 294663 (N.D. Cal. Jan. 31, 2012). Plaintiff filed an amended complaint on February 10, 2012, but subsequently filed a notice of voluntary dismissal on August 20, 2012. (Dkt. No. 11, Ex. 8 at 91.) The court dismissed the case on August 21, 2012. (*Id.*)

On December 8, 2012, Plaintiff filed another action in California state court bringing seven causes of action against Defendant related to the same underlying loan.[6] (Dkt. No. 11, Ex. 16.) Defendant removed the action to the Northern District based on diversity jurisdiction. (Dkt. No. 11, Ex. 17.) On April 25, 2013, the court adopted the magistrate judge's report and recommendation that Defendant's motion to dismiss be granted ***without leave to amend***. *Singh v. Wells Fargo Bank*, No. C 12-6566 SI, 2013 WL 1787156 (Apr. 25, 2013). Plaintiff appealed that decision, and on December 22, 2016, the Ninth Circuit Court of Appeals issued a memorandum affirming the district court's dismissal. *Singh v. Wells Fargo Bank, NA*, 671 Fed. App'x 973 (9th Cir. 2016).

On March 19, 2015, during the pendency of his Ninth Circuit appeal, Plaintiff filed another

---

[4] The complaint asserted the following causes of action: (1) elder financial abuse; (2) wrongful foreclosure; (3) breach of contract; (4) intentional infliction of emotional distress; (5) violation of California Business and Professions Code; and (6) quiet title.

[5] In support of its opposition to Plaintiff's motion, Defendant requests judicial notice of documents of public record pursuant to Federal Rule of Evidence 201(b)(2). (Dkt. No. 11.) The Court grants Defendant's request. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that judicial notice is appropriate for "undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted); *see also Bennet v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (recognizing that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[6] The complaint alleged causes of action for: (1) quiet title; (2) declaratory relief; (3) preliminary and permanent injunction; (4) cancellation of instruments; (5) wrongful disclosure; (6) unjust enrichment; and (7) fraud.

3

action in California state court related to the same underlying loan, alleging that Defendant had no right to resume the foreclosure process based on an unlawful detainer judgment in Plaintiff's favor in state court.[7] (Dkt. No. 11, Ex. 24.) The complaint asserted claims for: (1) conversion; (2) slander of title; (3) fraud; (4) infliction of emotional distress; (5) elder abuse; (6) declaratory relief; and (7) preliminary and permanent injunction. (*Id.*) Defendant removed the action to the Northern District based on diversity jurisdiction, then moved to dismiss the complaint. (Dkt. No. 11, Ex. 25.) On June 18, 2015, Plaintiff voluntarily dismissed the action. (*Id.* at 186.)

On April 4, 2016, Plaintiff filed an adversary complaint against Defendant in United States Bankruptcy Court, Northern District of California, bringing six causes of action related to the same underlying loan and 2013 unlawful detainer judgment in state court. (Dkt. No. 11, Ex. 27.) On June 30, 2017, the court dismissed Plaintiff's first amended complaint without leave to amend. (*Id.* at 199 (noting that "over the past six years, the parties have gone through ten bankruptcy cases and four lawsuits in both state and federal courts, including an appeal to the [Ninth Circuit Court of Appeals].") Plaintiff appealed the court's ruling, and on June 5, 2018, the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") issued a memorandum affirming the court's dismissal with prejudice. (Dkt. No. 11, Ex. 29.)

In affirming the bankruptcy court's dismissal, the BAP noted:

> [T]he bankruptcy court held that claim preclusion applied to all of the causes of action except the quiet title claim, "because the Second Lawsuit [filed in December 2012] was fully adjudicated adversely to the Plaintiff by both the District Court and the United States Court of Appeals for the Ninth Circuit . . . and contained claims based on the same underlying facts as alleged in the [adversary complaint]."

(*Id.* at 226 (alterations in original).) Further, the BAP noted:

> [T]he bankruptcy court held that the "Two Dismissal Rule" of Civil Rule 41(a)(1)(B) barred relitigation of the claims previously asserted (and dismissed) in the First and Third Lawsuits [filed in October

---

[7] In June 2013, the Alameda County Superior Court entered judgment after a jury trial in which the jury found that Wells Fargo did not purchase the subject property "at a properly conducted trustee sale." (Dkt. No. 11, Ex. 12 at 104.) "Wells Fargo then recorded a notice of rescission of the Trustee's Deed . . . as a first step toward a second foreclosure sale." (Dkt. No. 11, Ex. 29 at 223.)

4

2011, and March 2015, respectively].

(*Id.*) As for Plaintiff's equitable claims for "injunctive relief, declaratory relief, quiet title, unfair competition, and accounting," the "bankruptcy court held that [Plaintiff's] failure to tender payment of the [underlying] debt mandated dismissal." (*Id.*) Further, the BAP noted that Plaintiff's "basic argument—that the Unlawful Detainer Judgment destroyed Wells Fargo's deed of trust—is wrong." (*Id.* at 228.)

The bankruptcy court's June 2017 order and the BAP's June 2018 memorandum provide thorough discussions regarding the preclusive effect of the prior lawsuits and application of the "two-dismissal rule" under Rule 41(a)(1)(B). The Court sees no reason to revisit those well-reasoned opinions. The instant complaint brings causes of action related to the same underlying loan and alleged conduct as the previous actions or involving conduct that could have been challenged in previous actions. (*See* Dkt. No. 1, Ex. A at 12-15.) Thus, Plaintiff fails to show a likelihood of success on the merits of his claims or even a serious question because the claims are likely barred by claim and issue preclusion, and the "two-dismissal rule" under Federal Rule of Civil Procedure 41(a)(1)(B).

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's application for a temporary restraining order and request for an order to show cause.

**IT IS SO ORDERED.**

Dated: December 11, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

5