UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES AMAR SINGH,<br><br>   Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK,<br><br>   Defendant. | Case No. 18-cv-07376-JSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Plaintiff James Amar Singh sued Wells Fargo Bank, N.A. ("Defendant"), World Savings Bank, FSB, and Wachovia Mortgage, FSB in Superior Court of the State of California for the County of Alameda, bringing 17 causes of action related to a 2006 home loan.[1] (Dkt. No. 1, Ex. A at 10.)[2] Defendant Wells Fargo removed the action to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(b), and alternatively, diversity jurisdiction under 28 U.S.C. § 1332.[3] (Dkt. No. 1 at 1.) Now pending before the Court are Defendant's unopposed[4] motion to dismiss, (Dkt. No. 16), and accompanying request for judicial notice,[5] (Dkt. No. 17). After careful consideration of Defendant's briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), vacates the January 31, 2019 hearing, and GRANTS

---

[1] Plaintiff subsequently dismissed his claims against World Savings Bank, FSB and Wachovia Mortgage, FSB. (*See* Dkt. No. 6.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[3] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 5 & 12.)
[4] Pursuant to Civil Local Rule 7-3(a), the opposition to a motion "must be filed and served not more than 14 days after the motion was filed." Plaintiff's opposition was thus due on December 26, 2018. Plaintiff has not filed an opposition or otherwise communicated with the Court since Defendant filed its motion to dismiss on December 12, 2018.
[5] Defendant seeks judicial notice of the same documents previously submitted to and noticed by the Court pursuant to Federal Rule of Evidence 201(b)(2), (*see* Dkt. Nos. 11 & 13 at 3 n.5). As such, Defendant's instant request is moot.

Defendant's motion to dismiss without leave to amend.

On December 11, 2018, this Court issued an order denying Plaintiff's application for a temporary restraining order, concluding that Plaintiff failed to show a likelihood of success on the merits of his claims because the claims were "likely barred by claim and issue preclusion, and the 'two-dismissal rule' under Federal Rule of Civil Procedure 41(a)(1)(B)." (Dkt. No. 13 at 5.) The Court incorporates by reference its analysis in that Order and concludes that Plaintiff's claims are so barred.[6]

This Order disposes of Docket Nos. 16 & 17.

**IT IS SO ORDERED.**

Dated: January 4, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[6] In pertinent part, the Court noted that the instant complaint brings causes of action related to the same underlying home loan and alleged conduct as Plaintiff's four previous actions in federal court—two of which Plaintiff voluntarily dismissed, one of which was affirmed by the Ninth Circuit following the district court's dismissal without leave to amend, and the most recent of which was dismissed without leave to amend and affirmed by the Bankruptcy Appellate Panel of the Ninth Circuit—or alleging conduct that could have been challenged in those actions. (Dkt. No. 13 at 5.)

2