UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES AMAR SINGH, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, <br><br> Defendant. | Case No. 18-cv-07376-JSC <br><br> **ORDER RE: PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** <br><br> Re: Dkt. No. 21 |

Plaintiff James Amar Singh sued Wells Fargo Bank, N.A. ("Defendant"), World Savings Bank, FSB, and Wachovia Mortgage, FSB in Superior Court of the State of California for the County of Alameda, bringing 17 causes of action related to a 2006 home loan.[1] (Dkt. No. 1, Ex. A at 10.)[2] Defendant Wells Fargo removed the action to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(b), and alternatively, diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1 at 1.) On January 4, 2019, the Court granted Defendant's unopposed motion to dismiss without leave amend and vacated the January 31, 2019 hearing date. (Dkt. No. 19 at 1.) The Court entered judgment in favor of Defendant and against Plaintiff that same day. (*See* Dkt. No. 20.) Now pending before the Court is Plaintiff's "motion for relief from order granting motion to dismiss." (Dkt. No. 21.) After careful consideration of the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Plaintiff's motion. Plaintiff fails to show that reconsideration or relief from judgment is warranted, and his claims are barred by res judicata.[3]

---

[1] Plaintiff subsequently dismissed his claims against World Savings Bank, FSB and Wachovia Mortgage, FSB. (*See* Dkt. No. 6.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[3] Both parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 5 & 12.) The Court has subject matter jurisdiction based on diversity, 28 U.S.C. § 1332, as

**BACKGROUND**

On December 11, 2018, this Court issued an order denying Plaintiff's application for a temporary restraining order. (Dkt. No. 13.) The order discussed the relevant background of this case regarding Plaintiff's previous actions against Defendant in this District. (*See id.* at 2-5.) The Court concluded that Plaintiff failed to show a likelihood of success on the merits of his claims because the claims were "likely barred by claim and issue preclusion, and the 'two-dismissal rule' under Federal Rule of Civil Procedure 41(a)(1)(B)" based on Plaintiff's four prior actions in federal court involving the same underlying home loan and nucleus of facts. (*Id.* at 5.) Plaintiff responded by filing an emergency petition for writ of mandamus and an emergency petition for a temporary restraining order with the Ninth Circuit. Both were denied on December 12, 2018. (Dkt. No. 18.)

On December 12, 2018, the same day the Ninth Circuit acted, Defendant filed a motion to dismiss Plaintiff's complaint. (Dkt. No. 16.) Pursuant to the Civil Local Rules, the Court set a filing deadline of December 26, 2018 for Plaintiff's opposition. *See* Civil L.R. 7-3(a) ("The opposition must be filed and served not more than 14 days after the motion is filed."). Plaintiff did not file an opposition or otherwise communicate with the Court or opposing counsel prior to the filing deadline.

On January 4, 2019, the Court granted Defendant's motion to dismiss. (*See* Dkt. No. 19.) The Court's order incorporated by reference its analysis in the December 2018 order, and concluded that Plaintiff's claims were barred by claim and issue preclusion, and the "two-dismissal rule" under Rule 41(a)(1)(B).[4] (*Id.* at 2.) The Court vacated the January 31, 2019 hearing date, (*see id.* at 1), and entered judgment in favor of Defendant and against Plaintiff, (*see*

---

Plaintiff is a California citizen and Wells Fargo is a citizen of South Dakota and the amount in controversy is satisfied.

[4] As noted in the Court's order, Plaintiff's complaint brought "causes of action related to the same underlying home loan and alleged conduct as Plaintiff's four previous actions in federal court—two of which Plaintiff voluntarily dismissed, one of which was affirmed by the Ninth Circuit following the district court's dismissal without leave to amend, and the most recent of which was dismissed without leave to amend and affirmed by the Bankruptcy Appellate Panel of the Ninth Circuit—or alleging conduct that could have been challenged in those actions." (Dkt. No. 19 n.6 (citing Dkt. No. 13 at 5).)

2

1 | Dkt. No. 20).

Ten days later, Plaintiff filed the instant motion for reconsideration or relief from judgment under Rules 59(e) and 60. (Dkt. No. 21.) The motion is fully briefed. (*See* Dkt. Nos. 24 & 25.)

**DISCUSSION**

Plaintiff's motion seeks relief from judgment solely for "an opportunity to reset the hearing [on Defendant's motion to dismiss] and file an opposition [for same] to avoid injustice."[5] (Dkt. No. 22 at 2.) Plaintiff argues that relief is warranted "due to inadvertence or excusable neglect" related to his failure to file an opposition, and insists that he will be "unduly prejudiced" if relief is not granted. (*Id.*) The Court disagrees. Plaintiff fails to show that relief is warranted under either Rule 59(e) or Rule 60; further, Plaintiff's complaint is clearly barred by claim and issue preclusion.

**I.    Rule 59(e)**

Reconsideration of a judgment pursuant to Rule 59(e) is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993). Here, Plaintiff argues that reconsideration is warranted to afford him "an opportunity to reset the hearing and file an opposition to avoid injustice." (*See* Dkt. No. 22 at 3.) Plaintiff argues that he and his counsel "were not well at the time the filing of the opposition was due," and he "seek[s] to correct this inadvertence and to allow for a full and fair hearing of Plaintiff's claims." (*Id.*)

Plaintiff's counsel asserts that she "suffered a sleep disturbance leading up to Christmas and was suffering from loss of sleep and did not file an opposition due to [resulting] fatigue and illness." (Dkt. No. 23 at 1-2.) Counsel does not assert, however, that she was unaware of the

---

[5] Plaintiff submits the declaration of his counsel, Megan Ann Dailey, in support of his motion. (*See* Dkt. No. 23.) To the extent Ms. Dailey's declaration includes "conclusions and argument" in violation of Civil Local Rule 7-5(b), the Court is not required to consider such averments. However, given that Plaintiff's "memorandum of points and authorities" in support of his motion provides only barebones assertions that reference the declaration, the Court will consider arguments set forth in the declaration, but only as they relate to the instant motion. The Court will not consider the declaration's arguments regarding the merits of the underlying claims.

3

filing deadline prior to her "sleep disturbance," and she fails to explain why she did not contact opposing counsel or the Court to request a continuance. She instead argues that "[i]t is clearly unfair to cause Mr. Singh to suffer dismissal of this case because of a short deadline, which is made worse by his illness, his attorney's illness and by the fact that the opposition was due at the height of the Christmas season." (Dkt. No. 23 at 3.) The Court is sympathetic to Plaintiff's health issues; however, it fails to see how Plaintiff's condition hampered his counsel's ability to file an opposition by the deadline or otherwise communicate with the Court to seek a continuance. Further, and more importantly, the Court did not base its order granting dismissal on Plaintiff's failure to file an opposition. The Court instead dismissed Plaintiff's complaint because it is clearly barred by claim and issue preclusion. The instant motion presents no argument suggesting that the Court was wrong on that score.

Accordingly, the Court denies Plaintiff's motion pursuant to Rule 59(e) because he fails to show that reconsideration will avoid injustice. Plaintiff has had—on more than one occasion—a full and fair opportunity to litigate in federal court the claims and issues presented in his complaint, and the Court sees no reason to prolong litigation when the complaint is clearly barred by claim and issue preclusion.

## II. Rule 60

Rule 60(b) provides for relief from judgment "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' [that] would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also Engleson v. Burlington N. Railroad Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) ("Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.") (internal quotation marks and citation omitted).

Plaintiff's request for relief pursuant to Rule 60(b) sets forth the same primary argument asserted in his request under Rule 59(e); specifically, that "relief from an adverse decision due to inadvertence or excusable neglect would be in the interest of justice, and . . . if relief [is] not granted, Plaintiff [will] be unduly prejudiced." (*See* Dkt. No. 22 at 1.) Plaintiff's argument fails

4

for the reasons previously discussed—his failure to file an opposition to Defendant's motion to dismiss due to counsel's "sleep disturbance" and "the Christmas season" does not constitute "inadvertence or excusable neglect" warranting relief from judgment. Further, any such relief would ultimately be futile given that Plaintiff's claims are barred by claim and issue preclusion.

Accordingly, the Court denies Plaintiff's motion for relief from judgment pursuant to Rule 60(b).

**CONCLUSION**

For the reasons set forth above, the Court DENIES Plaintiff's motion for relief from judgment. Not only does Plaintiff fail to show that relief under Rule 59(e) or Rule 60(b) is warranted, Plaintiff's underlying claims are clearly barred by claim and issue preclusion, and the 'two-dismissal rule' under Rule 41(a)(1)(B). Prolonging litigation in this case would be futile and serve only to increase the parties' fees and costs.

This Order disposes of Docket No. 21.

**IT IS SO ORDERED.**

Dated: February 7, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge